UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>TRACY LEE THOMAS, a/k/a<br>TREYTON L. THOMAS, a/k/a<br>TRAYTON L. THOMAS, a/k/a<br>TREY THOMAS, a/k/a<br>TRAY THOMAS, a/k/a<br>T.L. THOMAS, and<br>MARBURY ADVISORS INC.,<br><br>Defendants. | Civil Action No. 16-CV-226<br><br>*Hon. Loretta C. Biggs*<br><br>**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE OF PROCESS BY PUBLICATION AND EMAIL ON DEFENDANT THOMAS, EXTENSION OF TIME FOR SERVICE, AND PROPOSED ORDER** |

Plaintiff Commodity Futures Trading Commission ("CFTC") hereby submits this Memorandum of Law in Support of its Motion for Alternative Service of Process by Publication and Email on Defendant Tracy Lee Thomas ("Thomas"), extension of time for service, and proposed order. Plaintiff has attempted to serve Thomas via the methods of service of process described in Federal Rule of Civil Procedure ("FRCP") 4(e). However, despite diligent efforts, Plaintiff has been unsuccessful in serving Thomas by personal service, by consent, or by waiver of service. Therefore, Plaintiff respectfully moves this Court to permit Plaintiff to serve the Summons and Complaint on Thomas by publication and email, as described below, and also requests an extension of time to 90 days after the entry of the order granting the alternative service motion to serve the Summons and Complaint, pursuant to FRCP 4(m).

## I. FACTS

The CFTC filed its Complaint against Defendants Thomas and Marbury Advisors Inc. ("Marbury") on March 22, 2016. (Dkt #1). The Complaint alleges that Defendants engaged in a scheme to defraud customers by, among other ways, soliciting money from customers for the stated purpose of investing in Treasury Bills ("T-Bills") but instead using funds that customers invested for the purpose of trading T-Bills to instead trade commodity futures and options. Defendants failed to disclose to their customers that their investments were used for commodity futures or options trading. Defendants also failed to disclose the significant risks involved in trading commodity futures. Additionally, Defendants were charged with providing customers and a bank with false trading statements and also with falsely soliciting customers by representing that Defendants had been previously successful in the investment business.

FRCP 4(m) requires a plaintiff to serve the summons and complaint on defendants within 90 days of filing the complaint. On June 20, 2016, the Court granted Plaintiff's motion for an extension of time to serve the Summons and Complaint on the Defendants or to file a motion for alternative service, on or before September 19, 2016. (Dkt. #7). While all attempts to serve Thomas have been unsuccessful, as detailed below, Plaintiff served Marbury on August 1, 2016.[1]

### A. Attempts to Serve Defendant Thomas

Shortly after the filing of the Complaint, Plaintiff retained a process server to effectuate personal service on Thomas pursuant to FRCP 4(e). (Judith Slowly Declaration ("Slowly

---

[1] On August 1, 2016 and pursuant to FRCP 4(h)(1)(B) and CFTC Regulation 15.05, 17 C.F.R. § 15.05, Plaintiff served the Summons and Complaint on Interactive Brokers, a CFTC-registered Futures Commission Merchant ("FCM") where Marbury maintains a commodity futures account. Interactive Brokers is Marbury's agent for service of process by operation of CFTC Regulation 15.05 which authorizes the CFTC to serve a summons and complaint on a foreign individual or corporation by serving the FCM where the foreign corporation or individual has a trading account. *See e.g. CFTC v. Steele*, 2005 WL 3276359 (N. D. Ill. Nov. 22, 2005. Interactive Brokers confirmed that it has forwarded the Summons and Complaint to Marbury. (Slowly Declaration ¶ 11). Plaintiff intends to request a certificate of default if Marbury does not file an Answer to the Complaint within 21 days of service.

Decl.") at ¶ 6). On March 23, 2016, the process server attempted to personally serve Thomas at his last known residential address in Keswick, Virginia. However, a female employee at the residential complex told the process server that Thomas no longer resided at the Keswick address. (Slowly Decl. ¶ 6).

On or about April 5, 2016, and pursuant to FRCP 4(d), Plaintiff mailed via certified U.S. mail, return receipt requested a Notice of Lawsuit and Request for Waiver to Thomas' last known P.O. Box mailing address in Keswick, Virginia. (Slowly Decl. ¶ 8). That envelope was returned to Plaintiff unopened, stamped "Return to sender" and "unable to forward." *Id*.

On April 5, 2016, Plaintiff's counsel also emailed a copy of the Notice of Lawsuit and Request for Waiver to Thomas' three last known email addresses: (1) tthomas05@gmail.com, (2) t.thomas@post.harvard.edu, and (3) tthomas@candw.ky. (Slowly Decl. ¶ 7). The email to tthomas@candw.ky was returned stamped "undeliverable." The other two emails appear to have been delivered since they were not returned as undeliverable. However, Plaintiff's counsel did not receive a response from Thomas. (Slowly Decl. ¶ 7).

In May 2016, Plaintiff retained the Albemarle County Sheriff's Office in Charlottesville, Virginia, to make a second attempt to serve Thomas at the Keswick, Virginia residential address. (Slowly Decl. ¶ 9). According to the deputy sheriff's affidavit who attempted service, Thomas no longer resided at the Keswick address.

In June 2016, Plaintiff obtained a new residential address for Thomas in Charlottesville, Virginia, and again retained the Albemarle County Sheriff's Office to assist with Plaintiff's third attempt to personally serve Thomas. (Slowly Decl. ¶ 10). However, the third attempt was also unsuccessful. According to the deputy sheriff's affidavit of non-service, Thomas's wife (Cheryl

3

Stone), a neighbor, and the landlord who owns the property all indicated that Thomas no longer resided at the Charlottesville address. (Slowly Decl. ¶ 10).

Moreover, online background pedigree searches have not revealed Thomas' current address. (Slowly Decl. at ¶ 5). Plaintiff has exhausted all reasonably available resources to locate and serve Defendant Thomas.

### B.     Proposed Methods for Alternative Service of Process

Plaintiff proposes to serve Thomas via alternative service in one publication by publishing notices once a week for four weeks. *The Daily Progress* is a widely-circulated newspaper in the Charlottesville area that publishes legal ads and notices in print and online. (Slowly Decl. at ¶ 12). The form of the proposed Legal Notice for publication is attached hereto as Exhibit A to the Slowly Declaration. In an excess of caution, Plaintiff also proposes to email the Summons and Complaint to Thomas' last known email addresses: tthomas05@gmail.com and t.thomas@post.harvard.edu.

Plaintiff has exhausted all reasonably available resources to serve the Summons and Complaint on Defendant Thomas via the normal methods permitted under FRCP 4.

## II.  ARGUMENT

Where notice via traditional means is found to be impracticable, service that is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections" is sufficient. *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). With respect to persons that are "missing or unknown," the Supreme Court further articulated in *Mullane* that "employment of an indirect and even probably futile means of notification is all that the situation permits and creates no constitutional bar to a final decree foreclosing their rights." *Mullane*, *supra*, 339 U.S. at 316

(citations omitted); *see also CFTC v. McCullough*, Com. Fut. L. Rep. P 33, 553, 2015 WL 4877850 (E.D.N.C. Aug. 4 2015) (allowing service via publication of summons as well as through four email address associated with defendant when defendant was a fugitive); *see also SEC v. Tome*, 833 F.2d 1086, 1093 (2d Cir. 1987) (allowing publication of summons and complaint reasonably calculated to notify unidentified individuals).

FRCP 4(e) allows Plaintiff to follow "state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." FRCP 4(e)(1); *United Community Bank v. Campbell*, 2011 WL 815684, (W.D.NC Mar. 1, 2011). The relevant state in this matter is North Carolina where this litigation has been filed. The North Carolina Rules of Civil Procedure provide in pertinent part:

> A party that cannot with due diligence be served by personal delivery, registered or certified mail, or by a designated delivery service authorized pursuant to 26 U.S.C. § 7502 (f)(2) may be served by publication.
>
> N.C.G.S § 1A-1, Rule 4(j1).
>
> Before judgment by default may be had on service by publication, the serving party shall file an affidavit with the court showing the circumstances warranting the use of service by publication, information, if any, regarding the location of the party served which was used in determining the area in which service by publication was printed and proof of service in accordance with G.S. 1-75.10(a)(2).
>
> N.C.G.S. § 1A-1, Rule 4(j2)(3).

The North Carolina Court of Appeals held in *Emanuel v. Fellows*, 47 N.C.App. 340, 347, 267 S.E.2d 368, 372 (1980), *disc. review denied*, 301 N.C. 87 (1980), that the decisive question is whether "plaintiff exercised the due diligence required of the statute before service by publication is proper;" however, there is no "restrictive mandatory checklist for what constitutes due diligence for purposes of permitting North Carolina Civil Procedure Rule 4(j)(9)c

publication." (Rule 4(j)(9)c is now Rule 4(j1)).  Rather, the *Emanuel* court found "a case by case analysis" more appropriate.

In *Emanuel*, the plaintiff attempted to serve the defendant at an address shown in a telephone directory, called the number shown, contacted defendant's insurance carrier, and sent a copy of the summons to the insurance carrier.  The defendant argued that service by publication was not proper because the plaintiff did not exercise proper due diligence, citing a "laundry list" of things plaintiff should have done.  *Jones v. Wallis*, 211 N.C.App. 353, 358, 712 S.E.2d 180, 184 (2011) (citing *Emanuel* 47 N.C.App. at 347).  The court rejected this argument, acknowledging that a defendant can always cite to a wide range of other investigative options that a plaintiff could have taken.  *Jones,* 211 N.C.App. at 358.

Despite the absence of a restrictive checklist defining adequate due diligence, Plaintiff must nevertheless demonstrate that it has used all reasonably available resources in attempting to locate Thomas.  *See Winter v. Williams*, 108 N.C.App. 739, 742 (N.C. 1993).  As described in the Facts section above, Plaintiff has exhausted all reasonably available resources to serve the Summons and Complaint on Thomas.  Plaintiff has conducted background searches for his current location and attempted to have him personally served three times.  Plaintiff also emailed Thomas; the email in question did not "bounce back" to Plaintiff.  However, Plaintiff never received a response from Thomas.  Alternative service by publication in Charlottesville's *Daily Progress* and by email is reasonably calculated to give notice to Thomas, will not violate due process of law, and is in accordance with the North Carolina Rules of Civil Procedure and the FRCP.

### III. CONCLUSION

As described above, Plaintiff has exercised all reasonably available resources in attempting to locate and serve Thomas under the normal methods prescribed under FRCP 4. As such, publication of the attached proposed Legal Notice (Exhibit A) in Charlottesville's *The Daily Progress* and emailing the Summons and Complaint to Thomas' last known two email addresses are reasonably calculated to give Thomas notice of the Complaint and does not violate due process of law. Therefore, Plaintiff respectfully requests that the Court enter the attached proposed order to extend the deadline to serve the Summons and Complaint on Defendant Thomas to November 18, 2016.

Dated: September 16, 2016                                     Respectfully submitted,

/s/*Michael R. Berlowitz*
Michael R. Berlowitz (pro hac)
Senior Trial Attorney
W. Derek Shakabpa (pro hac)
Senior Trial Attorney
DC Bar No. 444168
David Acevedo
Chief Trial Attorney (pro hac)
Commodity Futures Trading Commission
Division of Enforcement
140 Broadway, 19th floor
New York, NY 10005
(646) 746-9700
(646) 746-9940 (facsimile)
mberlowitz@cftc.gov